■ SRECKO BARULIC, Appellant, v FRENCH LINE et al., Respondents.— Order, Appellate Term, Supreme Court, First Department, entered February 21, 1979, which unanimously reversed a judgment of the Civil Court, New York County, awarding to plaintiff on a jury verdict in his favor the sum of $67,500, and remanding for a new trial, unanimously reversed, on the law and the facts, and the judgment of the Civil Court is reinstated, with costs. Plaintiff-appellant, a longshoreman, sustained personal injuries when he slipped and fell while unloading cargo in or adjacent to the galley of defendant's vessel, the S. S. *France.* When he began work, the tile floor in the area was clean and dry. Later, ship's personnel began washing dishes and water spilled onto the floor. A drain located in the area was apparently not working, and water, grease and soap accumulated on the floor. Plaintiff complained to some crewmen, whereupon an unsuccessful attempt was made to clean out the drain. However, instead of using a tool such as a wire "snake", the men used a spoon or knife, and greasy, soapy water remained on the floor. Plaintiff again complained about the working conditions. As he attempted to lift a heavy crate, he lost his footing on the wet and slippery floor and fell, injuring his leg. Following the accident, ship's personnel lay pieces of wood on the floor for the longshoremen to walk on. After the jury verdict for plaintiff, defendants appealed to the Appellate Term, which reversed, stating in part, "Critical to the determination of the appeal is the doctrine that a maritime action instituted in state court is governed by Federal maritime principles * * * This particular matter is governed by the 1972 Amendment to the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. § 901 et seq., which authorizes actions by longshoremen for injuries proximately caused by the shipowner's negligence * * * This instant case was submitted to the jury on general axioms of negligence only, and the charge was not tailored to explain the specific obligations and duties of participants in a maritime transaction, as these obligations have been defined in the Federal decisions. For example there was no mention at all of the Stevedore-employer's primary responsibility for the proper and safe conduct of the work performed by its longshoremen, which was crucial to defendant's theory of the case * * * In this posture, we deem it necessary that a new trial be had so that the rights of the parties may be adjudicated within the context of the prevailing admiralty principles." Under the 1972 amendments, both State and Federal courts are directed to look to land based common law for standards from which to build a national uniform law of negligence applicable to longshoremen's suits against shipowners. Both the United States Supreme Court in *Kermarec v Compagnie Generale Transatlantique* (358 US 625, 630-631) and the New York Court of Appeals in *Basso v Miller* (40 NY2d 233) imposed upon owners and occupiers a single duty of "reasonable care in all the circumstances" to those entering upon their premises. It was therefore proper that the instant case was submitted to the jury on general axioms of negligence only. The trial court was also correct in not charging the jury that the stevedore employer had a primary

responsibility for the proper and safe conduct of the work performed by its longshoremen, since there is no showing on this record that the work area had come under the sole or exclusive control of the stevedore and there is a *showing of active negligence on the part of the shipowner in creating a* hazardous condition and in negligently failing to correct it. Even had the injury resulted from the concurrent negligence of the stevedore, it is clear that an injured longshoreman may proceed against the owner of the ship and recover in full for the injuries sustained *(Edmonds v Compagnie Generale Transatlantique,* 443 US 256). We have reviewed the defendant's contentions that the verdict was excessive and find them to be without merit. Concur—Sullivan, J. P., Ross, Markewich, Lupiano and Carro, JJ.